UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

RAUL ARTURO FERNANDEZ,

Defendant.

Criminal Action No. 10-18-4 (JDB)

## MEMORANDUM OPINION & ORDER

Before the Court is [417] Fernandez's motion for a sentence modification under 18 U.S.C. § 3582(c)(2). The Court sentenced Fernandez on November 26, 2012 to 144 months of imprisonment on one count of conspiracy to distribute cocaine knowing and intending that it will be unlawfully imported into the United States. See Judgment [ECF No. 299]. In rendering this sentence, the Court calculated that Fernandez's base offense level was 38; Fernandez then received both a two-level safety valve reduction and a three-level acceptance of responsibility reduction, for a final level of 33. See Sentencing Tr. [ECF No. 323] at 15:22–:24. In his plea agreement, Fernandez had agreed that he was "accountable for distribution of one hundred and fifty (150) kilograms or more of cocaine." Plea Agreement [ECF No. 247] ¶ 8a. At the time, 150 kilograms was the floor for receiving a base offense level of 38, the highest level possible based solely on drug quantity. See U.S.S.G. § 2D1.1(a)(5), (c)(1) (2009). However, Amendment 782 to the Guidelines raised to 450 kilograms the amount of cocaine necessary to receive that offense level, see id. app. C, amend. 782, and Amendment 788 made that change retroactive, see id. app. C, amend. 788. Fernandez argues that Amendment 782 reduces his base offense level, and thus his Guidelines range, such that he should be resentenced. See Mot. for Relief [ECF No. 417] at 3–4.

1

A court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To determine whether a reduction is warranted, the Court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." United States v. Wyche, 741 F.3d 1284, 1292 (D.C. Cir. 2014) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). "If the defendant is eligible for a reduced sentence . . . , the court must then 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" Id. (quoting Dillon, 560 U.S. at 827). While "a resentencing court is permitted to make an independent drug quantity finding if it cannot determine the defendant's amended guideline range without doing so," the court's "quantity finding cannot be inconsistent with factual determinations made by the original sentencing court." Id. at 1293.

Fernandez argues that, as he admitted to being accountable for only 150 kilograms of cocaine, he should be subject to the amended guideline subjecting that amount of cocaine to a base offense level of 36. The government, on the other hand, argues that Fernandez actually acknowledged responsibility for the distribution of 2,700 kilograms of cocaine, well over the current floor needed to maintain a base offense level of 38. See Gov't's Opp'n [ECF No. 419] at 5–6. The government has the better of the argument. The amount for which Fernandez agreed to accept accountability—150 kilograms—triggered the highest possible base offense level. "Having established that [Fernandez] was responsible for more than [150 kilograms], the Government was not required to prove—and had no reason to argue—that [Fernandez] was responsible for any amount of cocaine" over 150 kilograms. Wyche, 741 F.3d at 1294. But examining the PSR and

the record, as the Court may do in analyzing a motion for sentence modification, see id., it is clear that Fernandez conspired to distribute significantly more than the 450 kilograms of cocaine necessary to maintain his existing base offense level.

In the statement of facts which Fernandez signed as part of his plea agreement, he admitted that "in Barranquilla, Colombia, [he], acting in concert with several of his co-defendants, caused the distribution of approximately 2700 kilograms of cocaine," whose "ultimate destination . . . was the United States." Statement of Facts [ECF No. 248] ¶ 16. The government gave this same description of the offense at Fernandez's plea hearing, and Fernandez agreed that it was truthful. See Plea Hr'g Tr. [ECF No. 408-11] at 29:12–31:20. At sentencing, the Court noted repeatedly that Fernandez was involved "on more than just a participant level in the events that I'm calling the 2700 kilograms of cocaine in the Barranquilla area." Sentencing Tr. at 16:22–:24; see also id. at 17:21–:22 ("Obviously, he was a significant participant in those events, as well as other events that are within the conspiracy . . . ."). The government argued for a sentence at the top of the Guidelines range "because he was a key participant in the 2700-ton load." Id. at 19:20–:21. In announcing the sentence, the Court stated: "I would particularly focus, as established through the transcripts of calls presented to me, on the Barranquilla distribution events that we've discussed but also involved in other events that are part of the conspiracy." Id. at 29:16–:19. Finally, the PSR discussed the Barranquilla incident—including the drug quantity to be distributed—as part of the offense conduct. See Final Presentence Investigation Rep. [ECF No. 289] ¶¶ 35–37. Fernandez never disputed these facts, and the Court explicitly "accept[ed] the [PSR] as findings of fact on issues that are not in dispute." See Sentencing Tr. at 3:35–4:7, 14:16–:17.

It is clear that Fernandez engaged in joint criminal activity to distribute 2,700 kilograms of cocaine, and that the acts required to distribute that cocaine were reasonably foreseeable, such that

the entire drug quantity can be attributed to Fernandez under the Guidelines. See U.S.S.G. § 1B1.3(a)(1)(B), note 3; United States v. Davison, 761 F.3d 683, 685 (7th Cir. 2014). Thus, no further factual findings are required to determine the actual drug quantity for which Fernandez is responsible. See Wyche, 741 F.3d at 1293. To the extent any clarification is necessary, the Court hereby clarifies that Fernandez is accountable for 2,700 kilograms of cocaine. See, e.g., United States v. Green, 764 F.3d 1352, 1357 (11th Cir. 2014).[1] Because Fernandez is accountable for an amount of cocaine that still equates to a base offense level of 38, his sentencing range has not "subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Fernandez's motion for a sentence modification is therefore **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 16, 2018

---

[1] In his motion for sentence reduction, Fernandez reserved the right to ask for counsel and for an evidentiary hearing should the government oppose his motion. See Mot. for Relief at 2. Fernandez did not formally make such a request in his reply, see Response to the Gov't [ECF No. 420], but the Court finds that neither counsel nor an evidentiary hearing is warranted. First, "[p]ost-trial proceedings to reduce a sentence . . . are not a 'critical stage' of the 'criminal prosecution' triggering the sixth amendment right to counsel." 6 Wayne R. LeFave et al., Crim. Proc. § 26.4(e) (4th ed. 2017) (Westlaw); see United States v. Webb, 565 F.3d 789, 794–95 (11th Cir. 2009) (collecting cases finding there is no constitutional or statutory right to counsel for § 3582 motions). Counsel is not necessary here, as the Court is able to resolve Fernandez's motion on the existing record.

For similar reasons, no hearing is needed. "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). This guideline "sets a far lower threshold for a hearing" than for actually finding an amendment applicable under § 3582(c)(2). United States v. Byfield, 391 F.3d 277, 280 (D.C. Cir. 2004). In this case, however, Fernandez admitted that the government could prove beyond a reasonable doubt at trial that he intentionally and significantly participated in a scheme to distribute 2,700 kilograms of cocaine. See Statement of Facts ¶¶ 15–16, 19. Fernandez points to no factual information that colorably challenges these findings—nor would he likely be able to, as any factual findings at this stage must be consistent with those found by the sentencing court. See Wyche, 741 F.3d at 1293. There is thus much evidence to prohibit a sentence modification and nothing to suggest that one might be allowed. And "something . . . outweighs nothing every time." Byfield, 391 F.3d at 280 (citation omitted). As the drug quantity for which Fernandez is accountable is not reasonably in dispute, and as he questions no other factor that would properly be the subject of an evidentiary hearing, no hearing is required.