UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal Action No. 10-18-4 (JDB) |
| RAUL ARTURO FERNANDEZ, | |
| Defendant. | |

FILED
MAY 02 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>MEMORADUM OPINON & ORDER</u>

Before the Court is [421] Fernandez's motion for declaratory relief or an immigration departure under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Bureau of Prisons (BOP) Program Statement 5111.04 (2006).[1] The Court sentenced Fernandez on November 26, 2012 to 144 months' imprisonment on one count of conspiracy to distribute cocaine knowing and intending that it would be unlawfully imported into the United States. See Judgment [ECF No. 299]. On October 24, 2017, Fernandez filed a pro se motion challenging the BOP's failure to institute the Institutional Hearing Program (IHP) at Rivers CI, the privately-run prison at which he is currently incarcerated. See Expedited Mot. for Decl. Relief ("Def.'s Mot.") [ECF No. 421] at 3.[2] The IHP allows "eligible inmates in Bureau custody" to go through their removal proceedings while still incarcerated, which "allows ICE to effect deportation immediately upon completion of an inmate's sentence." BOP Program Statement 5111.04, at 1. Fernandez asks the Court to issue an order that requires BOP to do one of three things: (1) implement the IHP at Rivers; (2) transfer Fernandez to a facility that is covered by the IHP; or (3) reduce his sentence by 10% or up to one

---

[1] The BOP Program Statement can be found at https://www.bop.gov/policy/progstat/5111_004.pdf.

[2] Because Fernandez's motion does not include a page number on the first page, but rather starts with a number "1" on the second page, all citations to pages of his motion will correspond to the document itself rather than to the page numbers listed on the document.

1

year so that he can be transferred more quickly to the custody of immigration authorities for removal proceedings. See Def.'s Mot. at 3–5, 12–14.

The government asserts that Fernandez's motion should really be construed as a habeas petition, and that it therefore must be brought in the district in which Fernandez is confined. See Gov't's Opp'n [ECF No. 422] at 5–7. But, with the possible exception of his request for an immigration departure, Fernandez's "action is properly characterized as a challenge to a condition . . . of his confinement, and not its fact or duration." Taylor v. U.S. Prob. Office, 409 F.3d 426, 430 (D.C. Cir. 2005). Therefore, while habeas is available, it is not the exclusive avenue by which Fernandez may seek relief. See id.

However, to the extent that a declaratory judgment action might be proper, the Court cannot hear it at this time. The government has raised the affirmative defense of exhaustion, see Gov't's Opp'n at 12, and the Court agrees that Fernandez must make his first two requests—to implement the IHP at Rivers or to transfer him to a prison covered by the IHP—to BOP through its Administrative Remedy Program (ARP) before he can make them to the Court. The Prison Litigation Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," though not to "those challenging the fact or duration of confinement itself." Porter v. Nussle, 534 U.S. 516, 527, 532 (2002) (citation omitted). Whether Rivers is covered by the IHP is certainly a question of prison life within the ambit of the PLRA. Similarly, the fact that Fernandez is confined at Rivers rather than at a prison covered by the IHP—in other words, his location of confinement—is a prison condition. See Taylor, 409 F.3d

2

at 430. Thus, it is "mandatory" that Fernandez exhaust all administrative processes before bringing either of these challenges in court. Woodford v. Ngo, 548 U.S. 81, 85 (2006).

Ferndandez claims that he does not need to exhaust any administrative remedies because his motion involves "purely legal question[s]" and because "[d]eclaratory [r]elief cannot be obtained administratively." Def.'s Mot. at 15. However, "mandatory exhaustion regimes" like the PLRA's "foreclose[e] judicial discretion"; plenty of prisoner suits involve solely legal questions, and the Court cannot "add unwritten limits" to the PLRA's clear rule that suits challenging prison conditions must be exhausted. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016). BOP's Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Fernandez must go through the grievance process set up by BOP before filing his claim in court. See id. §§ 542.13–15. Nor does it matter that Fernandez cannot receive declaratory relief through the administrative process. An inmate must exhaust any available administrative process, even if he "want[s] a type of relief that the administrative process did not provide." Ross, 136 S. Ct. at 1857; accord Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (holding that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues"). Indeed, if Fernandez's challenge through the ARP succeeds, he would receive a remedy far more useful than a declaration of his rights: immediate access to the IHP. Fernandez has not claimed, nor has he provided any facts that would suggest, that he has already gone through the ARP procedure. Therefore, Fernandez's motion, to the extent it seeks either to require BOP to implement the IHP at Rivers or to transfer him to a prison covered by the IHP, must be dismissed for failure to exhaust his administrative remedies.

This leaves Fernandez's request for a reduction in sentence, which Fernandez also styles a declaratory judgment action. However, the Court has no power to reduce a prisoner's sentence via a declaratory judgment, or through any means other than the narrow ones set out in 18 U.S.C. § 3582. See Dillon v. United States, 560 U.S. 817, 824 (2010). As Fernandez is pro se, the Court may construe his motion instead as a motion for a sentence modification under § 3582. See Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014) (stating that district courts have an "obligation to construe a pro se plaintiff's filings liberally"). But this will get Fernandez no further than would a declaratory judgment claim. Section 3582 permits modification if: (1) the Bureau of Prisons moves to reduce a defendant's sentence; (2) Federal Rule of Criminal Procedure 35 or the provisions of 18 U.S.C. § 3742 allow for correction; (3) the original sentence was outside the applicable Guidelines range; or (4) the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(b)–(c). None of these options apply to Fernandez.[3]

In particular, § 3742 does not offer him relief because his sentence was not the "result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). In United States v. Smith, the D.C. Circuit held "that a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." 27 F.3d at 655. The Court granted Fernandez a six-month Smith departure at

---

[3] Federal Rule of Criminal Procedure 35 allows a court to correct a "clear error" in the sentence within 14 days of sentencing, or else to reduce a sentence for substantial assistance to the government upon a government motion. Section 3742, meanwhile, allows a defendant to petition for review of a sentence that is greater than that specified in the applicable Guidelines range, or that was imposed in violation of law, pursuant to an incorrect application of the Guidelines, or for an offense that is not subject to the Guidelines and that is plainly unreasonable. See 18 U.S.C. § 3742(a). Fernandez has not made claims under any of these provisions except, perhaps, to argue by reference to the sentencing departures allowed under United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), that the Court incorrectly applied the Guidelines. Nor has the Bureau of Prisons petitioned for a modification. And no Guideline range applicable to Fernandez has subsequently been lowered by the Sentencing Commission. See Mem. Op. & Order [ECF No. 426] at 4. Indeed, Fernandez expressly disclaims that the instant motion is one under § 3582(c)(2), which is the subsection that governs subsequently lowered Guidelines ranges. See Def.'s Mot. at 1.

sentencing. See Tr. of Sentencing [ECF No. 323] at 32:16–:23. The Court did not err by failing to provide a second Smith-like departure after it had already provided the first. Fernandez instead asks the Court to reexamine his sentence de novo so that he can be released to immigration authorities sooner, see Def.'s Mot. at 17—something the Court is not empowered by § 3582 to do.[4]

Fernandez's motion for declaratory relief or an immigration departure is therefore **DENIED**.[5]

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: May 2, 2018

---

[4] Moreover, according to the government, Fernandez will likely be subject to the Expedited Removal process under 8 U.S.C. § 1225(b) because he meets the requirements to be deemed an inadmissible alien upon release from prison. See Gov't's Opp'n at 11–12. He therefore can complete all of the procedures required for deportation before his projected release date. Id. at 12. This fact cuts against providing another Smith-like departure, even if one were available; but it also suggests that Fernandez will receive the relief he seeks under the law as it already exists.

[5] On March 5, 2018, Fernandez filed a motion to hold the instant motion in abeyance to await possible congressional action on the Sentencing Reform and Corrections Act of 2017, S. 1917, 115th Cong. (2017), which he believes would provide him with "exactly what [he] fought for in [his] motion," Mot. to Hold in Abeyance [ECF No. 425] at 1. However, the Court will not hold this motion in abeyance pending the highly uncertain outcome of congressional deliberations. Should the bill pass into law, and should Fernandez still believe that it would provide him with a remedy, he may renew his motion for relief at that time.